## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHEAL LEE LEDBETTER,**

   **Plaintiff,**

v.

**JEFF,**
**WAYNE,**
**AMELIA,**
**STEVE,**
**DONNIE,**
**RYAN,**
**CURTIS,**
**COREY,**
**JASON,**
**SHAWN MCBETH,**
**MIKE DUNN,**
**MELISSA,**
**CHESTER MENTAL HEALTH CENTER,**
**and**
**IDHS,**

   **Defendants.**

**Case No. 22-cv-01215-SPM**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Michael Lee Ledbetter, who is currently being held at Chester Mental Health Center ("CMHC"), filed this lawsuit alleging that he has been subjected to cruel and unusual punishment by staff. He requests monetary damages.

Ledbetter has not informed the Court as to his confinement status as a civil detainee, pre-trial detainee, or prisoner. Regardless, he has filed a motion to proceed *in forma pauperis*, and therefore, the Court must conduct a review of the Complaint. Under Section 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable

to pay such fees or give security therefor." Ledbetter has done so here. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff (those filed by prisoners and non-prisoners alike).

A court can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### THE COMPLAINT

Ledbetter claims that between January 2021 and May 2022, Defendants Jeff, Steve, Donnie, Amelia, Ryan, Curtis, Wayne, Corey, Jason, Shawn McBeth, and Mike Dunn "all took part" in beating him. They punched his penis and face. He was smothered, body slammed, and beaten until he "blacked out." Ledbetter claims that Defendant Melissa "instigated and provoked" all of the events. He asserts that she could have prevented these attacks but did nothing. Defendants actions drove him to want to commit suicide.

### DISCUSSION

The Court finds that Ledbetter has failed to state a claim for excessive force under either the Fourteenth Amendment or the Eighth Amendment. *See Sain v. Wood,* 512 F. 3d 886, 893 (7th Cir. 2008) (a civil detainee's claims arise under the Fourteenth Amendment); *Kinglsey v. Hendrickson,* 576 U.S. 389, 400 (2015) (claims brought by a pretrial detainee are covered by the Fourteenth Amendment, while the Eighth Amendment concerns excessive force claims brought by a convicted person). Ledbetter claims are vague and cover a large time span, over 16 months,

against twelve individuals. He does not include any factual allegations regarding personal involvement by each Defendant. It is not clear when and how many times he was beaten by Defendants or which Defendants participated in each instance. Thus, these allegations are not enough to raise a plausible inference that Ledbetter was subjected to constitutional violations by Defendants Jeff, Wayne, Amelia, Steve, Donnie, Ryan, Curtis, Corey, Jason, Shawn McBeth, Mike Dunn, and Melissa. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 8. *See also George v. Smith,* 507 F. 3d 605, 608 (7th Cir. 2007) (a plaintiff must plead facts that "five enough detail to illuminate the nature of the claim and allow defendants to respond"). The claims against these Defendants are dismissed without prejudice.

Furthermore, neither Defendant Chester Mental Health Center nor IDHS can be subject to suit under Section 1983. *See Thomas v. Ill*., 697 F.3d 612, 613 (7th Cir. 2012) ("a state and its agencies are not suable 'persons' within the meaning of section 1983"). As such, any claim against these two entities is dismissed with prejudice.

Accordingly, the Complaint is dismissed without prejudice. Ledbetter will be granted an opportunity to replead his claims in an amended complaint.

### PENDING MOTIONS

On July 8, 2022, after receiving conflicting filings regarding motions to dismiss, motions to continue, and attempts to amend the Complaint, the Court directed Ledbetter to notify the Court if he would like to voluntarily dismiss this case by July 22, 2022. (Doc. 24). Ledbetter was informed that if he did so he would not be assessed a filing fee for this case. Subsequently, Ledbetter filed three motions for counsel (Doc. 25, 27, 29), a motion to continue (Doc. 26), a motion to dismiss (Doc. 31), and a motion for settlement (Doc. 32). Thus, it remains unclear whether Ledbetter wants to proceed and prosecute his claims, and his motion to continue (Doc. 26) and the motion dismiss are **DENIED** (Doc. 31) at this time.

The motions for recruitment of counsel are also **DENIED.** (Doc. 25, 27, 29). As a civil litigant, Ledbetter has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

Ledbetter has not provided any information regarding efforts he has made to recruit counsel on his own prior to seeking assistance from the Court, such as the names and addresses of law firms he has contacted or letters from attorneys who have declined representation. Because he has not met this threshold burden of making a reasonable attempt to secure counsel, the motion is **DENIED.** *See Santiago v. Walls,* 599 F.3d 749, 760 (7th Cir. 2010).

The Court notes that in the motion for recruitment of counsel at Doc. 29, Ledbetter mentions the appointment of a public defender several times. The motion is difficult to read and unintelligible at points, but Ledbetter is advised that because this is a civil case, not criminal, he will not be appointed a public defender to represent him in this matter.

The motion for settlement is also **DENIED.** (Doc. 32). Ledbetter's Complaint will be dismissed without prejudice and will not be served on Defendants. Thus, the motion for settlement is premature.

## IFP Status

On June 28, 2022, the Court granted Ledbetter's motion to proceed *in forma pauperis* ("IFP"). (Doc. 14). However, 28 U.S.C. § 1915(e)(2) requires the denial of a plaintiff's motion for leave to proceed IFP if the complaint fails to state a claim upon which relief may be granted. *See*

*Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).Thus, the Order granting Ledbetter leave to proceed IFP is **VACATED.** (Doc. 14). Ledbetter's IFP status is hereby **REVOKED.** The filing fee of $402.00 remains due and payable. Ledbetter may renew his request to proceed IFP if he chooses to file an amended complaint.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim. Ledbetter will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Ledbetter must comply with the instructions and deadlines set forth below. The Order granting the motion for leave to proceed IFP is **VACATED** (Doc. 14). Ledbetter's IFP status is hereby **REVOKED.** The filing fee of $402.00 remains due and payable. Ledbetter may renew his request to proceed IFP if he chooses to file an amended complaint.

 Ledbetter is **GRANTED** leave to file a "First Amended Complaint" on or before **August 24, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Ledbetter must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. To enable him to comply with this Order, the **CLERK is DIRECTED** to

mail Ledbetter a blank civil rights complaint form.

The motions for recruitment of counsel are **DENIED.** (Doc. 25, 27, 29). The motion to continue and the motion to dismiss are **DENIED.** (Doc. 26, 31). The motion for settlement is **DENIED.** (Doc. 32).

**IT IS SO ORDERED.**

**DATED:   July 27, 2022**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**