## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL LEE LEDBETTER,** **#819802,** | |
| **Plaintiff,** | **Case No. 22-cv-01215-SPM** |
| **v.** | |
| **STAFF, and** **OTHERS,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This matter is before the Court for review of the Second Amended Complaint and eleven motions filed by pro se Plaintiff Michael Ledbetter.

### BACKGROUND

Plaintiff Michael Lee Ledbetter, who is currently being held at Chester Mental Health Center ("CMHC"), commenced this lawsuit by filing a Complaint, in which he allege that he had been subjected to cruel and unusual punishment by staff. (Doc. 1). Along with the Complaint, Ledbetter filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 2). The Court initially granted the IFP motion, and due to insufficient funds, he was not assessed an initial partial filing fee. (Doc. 14). Ledbetter was informed that he would not have to make payments towards his filing fee until the amount in his account exceeds $10. (Doc. 24). He then proceeded to file several motions with the Court, including motions to dismiss the case, motions expressing desire to continue litigating the case, and motions for counsel. (Doc. 16, 17, 18, 19, 25, 26, 27, 29, 31). He also filed supplements to the Complaint that were stricken. (Doc. 11, 12, 21). Ledbetter's filings are difficult to read and at times unintelligible.

On July 2, 2022, the Court conducted a review of the Complaint. (Doc. 33). Although Ledbetter's confinement status at CMHC was unclear, the Court had the authority to review the Complaint pursuant to Section 1915(a)(1). The Court found that the Complaint failed to state a claim for excessive force under either the Fourteenth or the Eighth Amendment and dismissed the Complaint without prejudice. Section 1915(e)(2) requires the denial of an IFP motion if the complaint fails to state a claim upon which relief may be granted. Therefore, the Court also revoked Ledbetter's IFP status. He was granted leave to file a First Amended Complaint and informed he may renew his request to proceed IFP if he chooses to file an amended complaint.

Since the Court issued its dismissal order of the Complaint, Ledbetter has continued to file conflicting and confusing motions to dismiss this case and motions and letters requesting to continue with litigation. (Doc. 34, 35, 37, 39, 42, 43, 44, 45, 48, 49). He also has filed motions stating that he wishes to represent himself and motions seeking court recruited counsel. (Doc. 34, 35, 38, 46, 47). In three of the filings, it appears that Ledbetter is asking for the Court not to charge him any costs. (Doc. 35, 42, 44). The Court construes these requests as renewed motions for leave to proceed IFP. Ledbetter has also filed a First Amended Complaint, a Second Amended Complaint, and a letter that contains supplemental allegations. (Doc. 36, 40, 41).

In a few of his filings Ledbetter seems to be confused about whether he will receive a new case number for each amended complaint. Ledbetter is advised that both amended complaints were filed in this case, No. 22-cv-1215-SPM. (Doc. 36, 40). An amended complaint does not commence a new civil action but supersedes all previous complaints filed in this case. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). Thus, the operative complaint in this matter is now the Second Amended Complaint filed on August 10, 2022. (Doc. 40).

## DISCUSSION

Under Section 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Upon a showing of indigency, the Court then must screen the indigent plaintiff's complaint under Section 1915(e)(2), and the Court will dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is seeking a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Even though Ledbetter's custody status remains unclear, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff, those filed by prisoners and non-prisoners alike.

Here, Ledbetter has not refiled any kind of updated financial document or affidavit demonstrating indigency along with his requests to proceed in this action without prepaying the filing fee. Assuming, however, that Ledbetter is unable to pay the entire filing fee,[1] the Second Amended Complaint will be dismissed because it fails to state a claim.

In the Second Amended Complaint and corresponding supplement,[2] Ledbetter states that during the twenty months that he has been at CMHC, staff members are "going around hurting and being mean to recipients including myself." (Doc. 40, p. 6). He also states that "charge aide's staff members and other patients are being hurt to a certain degree not all the way to a degree but it does

---

[1] According to his trust fund account previously filed, Ledbetter had a negative balance in his account as of June 22, 2022. (Doc. 13).

[2] The Court assess both filings collectively for cognizable claims. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018)(The Supreme Court "cautioned that any 'document filed pro se is to be liberally construed,' pro se litigants are granted "leniency ... on procedural matters.") (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Lovelace v. Dall*, 820 F.2d 223, 228 (7th Cir. 1987)).

happen." (Doc. 41, p. 2). Ledbetter brings this case against "staff and others" and asks for the restoration of good time credits. (Doc. 40, p. 7).

For similar reasons stated in the previous Merit Review Order, these allegations are insufficient to state a claim for a constitutional violation. To survive screening, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8, and contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Furthermore, under Section 1983, a plaintiff must allege that each defendant was personally involved in the alleged deprivation of a constitutional right. *See Matz v. Klotka,* 769 F. 3d 517, 528 (7th Cir. 2014).

In the Second Amended Complaint, Ledbetter's vague assertions that staff have harmed him do not meet the minimum pleading requirements of Rule 8. Ledbetter does not describe the individuals who injured him or their conduct. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). His injury and the constitutional violation is also not clear, as he asserts that he was "hurt" by staff but his request for relief is for the restoration of good time credits. (Doc. 40, p. 6-7). Accordingly, Ledbetter has failed to state a plausible claim for relief, and the Second Amended Complaint is dismissed.

Given Ledbetter's "repeated failure to cure deficiencies" in his pleadings, [3] the dismissal will be with prejudice, and he will not be given an opportunity to further amend his pleadings. *See Arreola v. Godinez,* 546 F. 3d 788, 796 (7th Cir. 2008). Because 28 U.S.C. § 1915(e)(2) requires the denial of a plaintiff's motion for leave to proceed IFP if the complaint fails to state a claim upon which relief may be granted, Ledbetter's request to for leave to proceed IFP are denied. (Doc. 35, 42, 44). *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The filing fee of $402.00

---

[3] The Court notes that the First Amended Complaint suffers from the same issues as the original Complaint and the Second Amended Complaint. Ledbetter does not allege that any individual was personally responsible for the deprivation of a constitutional right. (Doc. 36).

remains due and payable. This case is dismissed in its entirety, and all other pending motions are dismissed as moot.

DISPOSITION

For the reasons stated above, the Second Amended Complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The requests for leave to proceed IFP are **DENIED**. (Doc. 35, 42, 44). All other pending motions are also **DENIED** as moot.

Ledbetter is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time that action was filed. Therefore, the filing fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Ledbetter may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Ledbetter does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   October 24, 2022**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**